[Docket No. 1]

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY CAMDEN VICINAGE

| | |
|---|---|
| JOSEPH M. KEHOE,<br><br>            Plaintiff,<br><br>    v.<br><br>HARD ROCK HOTEL & CASINO, ATLANTIC CITY, CHRISTOPHER SHULER, BILL BARNES, JAMES MARTIN,<br><br>            Defendants. | Civil No. 24-490 (RMB-MJS)<br><br>**OPINION** |

**RENÉE MARIE BUMB, Chief United States District Judge**

**THIS MATTER** comes before the Court upon the filing of a Complaint and application to proceed in forma pauperis ("IFP") by *pro se* Plaintiff Joseph M. Kehoe. [Docket Nos. 1, 1-2.] The IFP application establishes Plaintiff's financial eligibility to proceed without prepayment of the filing fee and will be granted.

## I.    SCREENING FOR DISMISSAL

When a person files a complaint and is granted IFP status, 28 U.S.C. § 1915(e)(2)(B) requires courts to review the complaint and dismiss claims that are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. Courts, however, must liberally construe pleadings that are filed *pro se*. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The legal standard for dismissing a complaint for failure to state a

claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), is the same as that for dismissal under Federal Rule of Civil Procedure 12(b)(6). *See Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Twombly*, 550 U.S. at 556.

## II.  ANALYSIS

This is a disability discrimination action brought by Plaintiff against his former employer and supervisors. Plaintiff alleges that he is disabled as defined by the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and receives social security benefits related to his sleep apnea, chronic pain, and mental health disabilities. [Compl. ¶ 2.] Plaintiff alleges that Defendants wrongfully terminated him because of these disabilities. [Compl. ¶¶ 23, 27–35.] He asserts claims under the ADA and New Jersey Law Against Discrimination ("LAD"), N.J. STAT. ANN. 10:5-1 *et seq.*, for discrimination (Count II), retaliation, (Count IV), disparate treatment discrimination (Count VIII), and harassment (Count IX). These counts may proceed against Defendants at the screening stage.[1]

---

[1] Count I ("Unlawful Termination Due to Violation of Policy") appears to allege that Plaintiff could not be fired without cause. [*See* Compl. ¶ 40.] The Court interprets this count this as a breach of contract claim and, construing the Complaint liberally, will allow Count I to proceed past the screening stage.

Plaintiff also asserts several causes of action for which he cannot state a claim for relief.

Count III ("Unlawful Termination Due to Exercising of Plaintiff's Rights") is duplicative of Plaintiff's retaliation claim. Plaintiff essentially alleges in Count III that he was terminated for engaging in a protected activity (*i.e.*, "exercising his rights"), that is, complaining of discrimination to his supervisors. [*See* Compl. ¶ 44.] A termination for engaging in a protected activity legally amounts to a retaliation claim. *See Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 500 (3d Cir. 1997). Count III is therefore dismissed as duplicative of Count IV.

Count V alleges an "Unsafe and Hostile Workplace." It appears Plaintiff attempts to bring this count under the Occupational Safety and Housing Act, [*see* Compl. ¶ 1 (citing 29 U.S.C. § 15)], and under the New Jersey Construction Industry Independent Contractor Act, [*see* Compl. ¶ 1 (citing N.J. STAT. ANN. § 34:20-9)]. But the Occupational Safety and Housing Act confers no private right of action on litigants, *see Okocha v. Express Pers. Servs., Inc.*, 2005 WL 8176153, at *2 (D.N.J. Aug. 19, 2005), and there are no facts alleged in the Complaint that appear to make the New Jersey Construction Industry Independent Contractor Act applicable. Count V is therefore dismissed.

Count VI alleges a "Failure to Investigate Plaintiff's Discrimination Complaint." A failure to investigate a charge of discrimination by an employee, however, is not a separate cause of action. Rather, it might be a theory or evidence of discrimination. *See Tafuto v. New Jersey Inst. of Tech.*, 2011 WL 3163240, at *5 (D.N.J.

3

July 26, 2011) (characterizing a "failure to investigate claim" as a theory of sexual discrimination under Title IX). The Court thus dismisses Count VI as duplicative of or incorporated as a theory in Plaintiff's other ADA/LAD counts.[2]

Count VII alleges a "Breach of Duty" against Defendants for failing to protect Plaintiff from discrimination. [Compl. ¶ 77.] The Court finds that this count is duplicative of Plaintiff's ADA and LAD claims. An employer's duty not to discriminate against its employees comes from federal and state law. There is no other free-standing duty to protect Plaintiff from discrimination in the workplace. Plaintiff has already brought claims under the relevant federal and state statutes. Count III is therefore dismissed as duplicative of Counts II, IV, VIII, and/or IX.

Finally, Count X, and XI, respectively, allege state law claims of negligent infliction of emotional distress ("NIED") and intentional infliction of emotional distress ("IIED"). These claims are preempted because they are based on the same operative facts that underlie Plaintiff's LAD and ADA claims. *See Everson v. JPMorgan Chase Bank*, 2013 WL 1934666, at *4 (D.N.J. May 8, 2013) (finding IIED claim to be preempted when the basis of the claim was that the defendant had committed certain wrongs for discriminatory reasons, as opposed to the conduct itself being outrageous); *Colca v. Sea Breeze Fruit Flavors, Inc.*, 2015 WL 733641, at *1 (D.N.J. Feb. 20, 2015) (finding NIED claim to be preempted where it was based on the same facts as

---

[2] The Court expresses no view in this Opinion as to whether a failure to investigate a complaint of discrimination is an adverse employment action, although many courts have concluded that it is not. *Simmons v. Cmty. Educ. Centers, Inc.*, 2015 WL 1788712, at *4 (E.D. Pa. Apr. 20, 2015) (collecting cases).

4

Plaintiff's LAD claims). Both counts will be dismissed without prejudice. To the extent Plaintiff can plead separate facts from his ADA or LAD counts sufficient to state a claim for IIED or NIED, he may amend his complaint.

### III. CONCLUSION

For the reasons stated above, the Court will **GRANT** Plaintiff's IFP application and permit Counts I, II, IV, VIII, and IX to proceed against Defendants at this stage. The Court will **DISMISS with prejudice** Counts III, V, VI, and VII. The Court will **DISMISS without prejudice** Counts X and XI. An appropriate Order follows.

**February 2, 2024**                                **s/Renée Marie Bumb**
Date                                                              RENÉE MARIE BUMB
                                                                         Chief United States District Judge