[ECF No. 16]

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

JOSEPH M. KEHOE,

                    **Plaintiff,**

    **v.**

**HARD ROCK HOTEL & CASINO ATLANTIC CITY, et al.,**

                    **Defendants.**

                    **Civil No. 24-490 (RMB/MJS)**

## OPINION AND ORDER

This matter is before the Court on the motion by plaintiff Joseph M. Kehoe ("Plaintiff") to quash a subpoena duces tecum served on IATSE Local 917 (the "Union").[1] ECF No. 16. Defendants Hard Rock Hotel & Casino Atlantic City ("Hard Rock"), Christopher Shuler, Bill Barnes, and James Martin ("Defendants") oppose the motion to quash their subpoena to the Union.[2] ECF No. 17. Pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b), the Court decides this motion without oral argument. For the reasons that follow, Plaintiff's motion is **DENIED**.

---

[1] The subpoena expressly seeks the Union's "entire files, documents, correspondence, email and any other material in the possession of [the Union] related to [Plaintiff]." ECF No. 17-1 at 24. Here, and throughout this Order, the Court cites to the imprinted ECF header where the documents are not paginated.

[2] The Defendants' response in opposition is brought on behalf of defendant Hard Rock but the Court observes that there are also three individual defendants in this case and all Defendants are represented by the same counsel.

## I.    Background

Plaintiff filed this suit on January 23, 2024, alleging disability discrimination against Defendants under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and the New Jersey Law Against Discrimination ("NJLAD"), N.J. STAT. ANN. 10:5-1 et seq. ECF No. 1. On February 2, 2024, the Court granted Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 and dismissed some, but not all, of Plaintiff's claims.[3] ECF No. 4. On June 19, 2024, Defendants filed an answer denying any liability under any of the surviving claims in the complaint. ECF No. 9.

## II.    Legal Standard

Rule 45 requires, in relevant part, that a court "quash or modify a subpoena that: . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). "An undue burden exists when the subpoena is 'unreasonable or oppressive.'" In re Lazaridis, 865 F.Supp.2d 521, 524 (D.N.J. 2011) (quoting Schmulovich v. 1161 Rt. 9 LLC, Civ. No. 07-597, 2007 WL 2362598, at *4 (D.N.J. Aug. 15, 2007)). "There is no 'strict definition of unreasonable or oppressive' and courts have used several factors in determining a subpoena's reasonableness: (1) the party's need for the production; (2) the nature and importance of the litigation; (3) the relevance of the material; (4) the breadth of the request for production; (5) the time period covered by the request; (6) the particularity with which the documents are described; and (7) the burden imposed on the subpoenaed party." Id. "On a motion to quash, it

---

[3]   The Court permitted the following claims to proceed: Discrimination (Count 2), retaliation (Count 4), disparate treatment discrimination (Count 8), and harassment (Count 9). The Court also construed Count 1 as a breach of contract claim and allowed it, too, to proceed past the screening stage. ECF Nos. 3 and 4.

is the moving party's burden to demonstrate that the subpoena is burdensome and unreasonable." Id.

## III.    Discussion

Plaintiff moves to quash the subpoena duces tecum served on the Union because the subpoena allegedly seeks privileged communications between the Union and Plaintiff.[4] ECF No. 16. Plaintiff asserts no published case in the Third Circuit[5] addresses the existence of an employee-union privilege. ECF No. 18 at 4. Plaintiff argues the absence of case law rejecting an employee-union privilege supports extension of the attorney-client privilege to protect communications between Plaintiff and his Union representatives in which Plaintiff sought advice concerning anticipated disciplinary action at work. Id. at 5. Plaintiff argues if unions must disclose member files, unions "would not be able to function to safeguard the rights of the employees that they represent." ECF No. 16 at 2. Plaintiff accordingly moves to quash the subpoena "in regards to privileged communications." Id.

Defendants contends there is no employee-union privilege and cite several published and unpublished federal decisions in support. ECF No. 17 at 3. While Plaintiff argues these cases discuss general principles inapplicable to this case, ECF No. 18 at 4, a decision from this

---

[4]  In his opening brief, Plaintiff also argued that the subpoena should be quashed in part because his Union file allegedly contains personal medical information. ECF No. 16 at 2. Plaintiff conceded this argument in his reply brief. ECF No. 18 at 3.

[5]  Neither Plaintiff nor Defendant has argued whether federal common law or state law governs this application of privilege. However, because Plaintiff's surviving claims arise under both federal law, specifically the ADA, 42 U.S.C. § 12101 et seq., and state law, specifically the NJLAD, N.J.S.A. 10:5-1 et seq., ECF No. 3 at 2, federal privilege law applies. See Pearson v. Miller, 211 F.3d 57, 66 (3d Cir. 2000) ("[F]or the resolution of the present discovery dispute, which concerns material relevant to both federal and state claims, [Federal] Rule [of Evidence] 501 directs us to apply federal privilege law."); J.M. v. Summit Bd. of Educ., Civ. No. 23-1633, 2025 WL 215938, at *4 n. 5 (D.N.J. Jan. 16, 2025).

Court observed "the Third Circuit has not recognized an employee-union privilege." <u>Chambers v. Waters Edge Convalescent Ctr.</u>, Civ. No. 18-14867, 2020 WL 13614906, at *2-3 (D.N.J. May 7, 2020). That decision surveyed federal case law nationwide and concluded "of the cases reviewed, more seem to reject the notion rather than accept it." <u>Id.</u> While a published decision from nearly 14 years ago in the Northern District of Illinois did recognize such a privilege, <u>Bell v. Village of Streamwood</u>, 806 F.Supp.2d 1052, 1056 (N.D. Ill. 2011), <u>Chambers</u> observed "[n]ot only does <u>Bell</u> have no binding effect on this Court, but also countless courts have rejected <u>Bell</u>'s conclusion that an employee-union privilege exists." 2020 WL 13614906 at *2.

While the Court acknowledges its authority under Rule 501 of the Federal Rules of Evidence "to define new privileges by interpreting 'common law principles . . . in the light of reason and experience,'" <u>Jaffee v. Redmond</u>, 518 U.S. 1, 8 (1996), the Court declines to recognize an employee-union privilege at this time. <u>Bell</u> applied such a privilege after identifying an Illinois statute that codified an employee-union privilege. 806 F.Supp.2d at 1055. No analogous statute appears to exist in New Jersey, and its courts have declined to extend the attorney-client privilege to protect communications between employees and their representative unions unless the union representative is a lawyer or a lawyer's agent. <u>Rawlings v. Police Dep't of Jersey City, N.J.</u>, 627 A.2d 602, 609 (N.J. 1993). Given the absence of an analogous New Jersey statute, and the presence of case law from New Jersey's highest court declining to protect communications between employees and their union representatives, the Court finds no basis to recognize an employee-union privilege at this time.

**IT IS**, therefore, on this **24th** day of **April 2025**,

**ORDERED** that Plaintiff's motion to quash the subpoena duces tecum served on the Union is **DENIED**.

4

<u>s/ Matthew J. Skahill</u>
MATTHEW J. SKAHILL
United States Magistrate Judge