[Docket No. 19]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

JOSEPH M. KEHOE,

    Plaintiff,

v.

HARD ROCK HOTEL & CASINO, ATLANTIC CITY, CHRISTOPHER SHULER, BILL BARNES, JAMES MARTIN,

    Defendants.

Civil No. 24-490 (RMB-MJS)

**OPINION**

**RENÉE MARIE BUMB, Chief United States District Judge**

**THIS MATTER** comes before the Court upon the Motion to Dismiss filed by Defendants Christopher Shuler, Bill Barnes, and James Martin ("Individual Defendants"). [Docket No. 19 ("Motion"); Docket No. 19-2 ("Defs. Br.").] Plaintiff James Kehoe ("Plaintiff") opposes the Motion. [Docket No. 22 ("Pl.'s Br.").] Defendants filed a reply brief in further support of their Motion. [Docket No. 24 ("Defs.' Reply").] For the reasons set forth below, the Court will **GRANT** the Individual Defendants' Motion to Dismiss.

**I.    FACTUAL BACKGROUND**

This litigation arises from Mr. Kehoe's termination from the Hard Rock Hotel and Casino ("Hard Rock") in Atlantic City where he worked as a stagehand. [Docket No. 1 ("Compl.") at 2.] Plaintiff alleges that Hard Rock and the Individual Defendants

discriminated against him based on his sleep apnea, chronic pain, anxiety, and depression disabilities. [Compl. ¶ 2.]

Mr. Kehoe suffered an injury in 2018 which kept him home from work for over three years. [*Id.* ¶¶ 8, 10.] Following his return to work, he accidentally fell asleep on a break and arrived back at his shift twenty-five minutes late. [*Id.* ¶¶ 14–16.] Two days later, Defendant Chris Schuler ("Schuler"), Plaintiff's production manager at Hard Rock, emailed him with a written warning. [*Id.* ¶ 20.] Plaintiff explained to Mr. Schuler that he suffers from a sleep apnea, a symptom of which is "excessive tiredness." [*Id.* ¶¶ 21–23.] Mr. Schuler later explained to Plaintiff that the written warning "was just a formality and nobody was trying to terminate [] Plaintiff" because of his disabilities. [*Id.* ¶ 23(d).]

A few months later, Mr. Kehoe missed a scheduled work shift. [*Id.* ¶ 24.] Plaintiff alleges that he does not remember receiving a call to come in for a shift from his union but that, if he did, the call mostly likely occurred in the early morning hours "when he has difficulty waking up as a direct result of his disabilities" and, so, he "never consciously realiz[ed] the phone call occurred." [*Id.* ¶¶ 24–27.] Mr. Schuler issued a final written warning and requested that Plaintiff sign a disciplinary action notice. [*Id.* ¶¶ 28–29.] Plaintiff refused and accused Mr. Schuler of being on drugs. [*Id.* ¶ 29.]

Mr. Kehoe emailed Hard Rock's HR department, stating his belief that Mr. Shuler was discriminating against him based on his disabilities. [*Id.* ¶ 30.] Hard Rock's HR department responded by formally terminating Plaintiff. [*Id.* ¶ 31.] Plaintiff

reached out to Defendant Bill Barnes ("Barnes"), Hard Rock's director of entertainment production, in an attempt to discuss and rectify any issues or misunderstanding regarding Plaintiff's employment and/or his termination. [*Id.* ¶ 32.] Mr. Barnes declined to discuss Plaintiff's termination any further, citing Plaintiff's own behavior as the reason for his dismissal. [*Id.* ¶ 33.] This lawsuit followed.

## II.   PROCEDURAL BACKGROUND

Mr. Kehoe initiated this action pro se against Hard Rock, Mr. Schuler, Mr. Barnes and James Martin, director of employee and public relations at Hard Rock. This Court granted Plaintiff's application to proceed *in forma pauperis* and screened his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). [Docket No. 4.] The Court dismissed some of Plaintiff's claims but permitted his claims for discrimination, harassment, and retaliation under Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and New Jersey Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. § 10:5-1 *et seq.* to proceed past screening. [Docket No. 4 at 2.] It also construed Plaintiff's cause of action for "Unlawful Termination Due to Violation of Policy" as a breach of contract claim alleging that he could not be terminated without cause. [*Id.* at 2 n.1 (citing Compl. ¶ 40 (alleging that Defendants terminated Plaintiff "without just cause")).] The Court permitted that claim to proceed past screening as well. [*Id.* at 2 n.1]. Each claim appears to be asserted against each defendant.

Hard Rock answered the complaint, [Docket No. 9], and the Individual Defendants now move to dismiss Plaintiff's NJLAD and ADA claims. First, they argue that NJLAD only provides for individual liability when an employee is an "aider

3

and abettor" to discrimination by the employer. [Defs.' Br. at 3; Defs.' Reply at 3–4.] Second, they argue that there is no individual liability under Title I of the ADA. [Defs.' Br. 7–8; Defs.' Reply at 1–2.] They did not formally move to dismiss the breach of contract claim as construed by the Court at screening.

### III.  LEGAL STANDARD

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005). It is well-settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*first citing Conley v. Gibson*, 355 U.S. 41, 47 (1957); *then citing Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994); *and then citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (alterations in original). Further, "to determine the sufficiency of a complaint," the Court must follow a three-step process:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 664, 675, 679 (2009) (alterations in original)). A district court may "generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (*citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." *Twombly*, 550 U.S. at 563 n.8 (*quoting Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)); *see also Iqbal*, 556 U.S. at 684 ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) ("*Iqbal* . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before *Twombly*."). Thus, "[a] motion to dismiss should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'" *Malleus*, 641 F.3d at 563 (*quoting Twombly*, 550 U.S. at 570).

Pro se complaints are to be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89,

94 (2007). Although pro se pleadings are to be liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Owens v. Armstrong*, 171 F.Supp.3d 316, 328 (D.N.J. 2016) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)). Thus, pro se litigants are not exempt from complying with federal pleading standards. *See Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010).

## IV. ANALYSIS

### A. Abandonment of NJLAD Claims

In his opposition brief, Plaintiff states that "he does not care," about his NJLAD claims and that dismissal of those claims against the Individual Defendants "is of no consequence." [Pl.'s Br. at 4.] A plaintiff who expressly indicates an intention to withdraw a claim in a brief has abandoned that claim. *See Marsh v. GGB, LLC*, 455 F. Supp. 3d 113, 119 n.6 (D.N.J. 2020) (noting that plaintiff abandoned hostile work environment claims by explicitly stating so in his brief); *Yocham v. Novartis Pharms. Corp.*, 736 F. Supp. 2d 875, 890 (D.N.J. 2010) (holding that a plaintiff abandons claim by explicitly stating so in brief); *Ivan v. Cnty. of Middlesex*, 595 F. Supp. 2d 425, 450 (D.N.J. 2009) (plaintiff abandoned NJLAD hostile work environment claim by stating so in brief). Plaintiff's abandonment of his NJLAD claims against the Individual Defendants is express, so the Court will dismiss those claims.[1]

---

[1] Even if the abandonment was not express, a plaintiff may abandon a claim by failing to address arguments in support of dismissing those claims in an opposition brief. *See*

### B.      Individual Liability under the ADA

The Court will dismiss the ADA claims against the Individual Defendants because there is no individual liability under Title I of the ADA regulating private employers. The Third Circuit has stated in dicta that there is no individual liability under Title I of the ADA unless the plaintiff seeks prospective relief. *Koslow v. Pennsylvania*, 302 F.3d 161, 178 (3d Cir. 2002) (noting in dicta that "there appears to be no individual liability for damages under Title I of the ADA"); *Emerson v. Thiel Coll.*, 296 F.3d 184, 189 (3d Cir. 2002) (suggesting in dicta that "individuals are not liable under Title[] I of the ADA"); *Williams v. Pa. Hum. Rels. Comm'n*, 870 F.3d 294, 299 & n.27 (3d Cir. 2017) (noting that ADA claims are intended to impose liability on employers, not individuals); *see also Garcia v. S.U.N.Y. Health Scis. Ctr.*, 280 F.3d 98, 107 (2d Cir. 2001) (holding no individual liability under Title I of ADA; *Butler v. City of Prairie Vill.*, 172 F.3d 736, 744 (10th Cir. 1999) (same). Plaintiff does not seek prospective relief. He seeks damages. [Compl. at 18.]

Courts in this District have uniformly followed that well-supported approach. *See Herring v. Ocean Cnty. Bd. of Soc. Servs.*, 2023 WL 6213216, at *3 (D.N.J. Sept. 25, 2023) (collecting cases and noting "general consensus among courts within the Third Circuit is that individual supervisors cannot be held liable under the ADA"); *Gretzula*

---

*Cohen v. BH Media Grp., Inc.*, 419 F. Supp. 3d 831, 861 n.9 (D.N.J. 2019) (plaintiff abandoned claim by failing to address arguments in support of dismissal of that claim in opposition brief). Because Plaintiff failed to address the Individual Defendants' argument that they are not personally liable under NJLAD, he has, in the alternative, abandoned his NJLAD claims.

*v. Camden Cnty. Tech. Sch. Bd. of Educ.*, 965 F. Supp. 2d 478, 486 (D.N.J. 2013) (holding that Title I of the ADA does not permit suits against individual defendants, regardless of their capacity). So, consistent with those decisions, the Court will dismiss Plaintiff's ADA claims against the Individual Defendants.

    **C.**    **Dismissal of Breach of Contract Claim Against Individual Defendants**

Even though the Individual Defendants did not formally move to dismiss the breach of contract claim as construed by the Court at screening, the Court will dismiss that claim against the Individual Defendants under its power to re-screen and dismiss a complaint filed *in forma pauperis* "*at any time* if the court determines that the … action … fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added); *Davis v. Mgmt.*, 2022 WL 3227133, at *1 (D.N.J. Aug. 10, 2022) (district courts have the power to re-screen a complaint at any time pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)); *Williams v. Lackawanna Cnty. Prison*, 2010 WL 1838107, at *1 (M.D. Pa. May 6, 2010) (same).

Plaintiff has not alleged the formation or breach of a contract containing certain terms between himself and the Individual Defendants, so his contract claim against them is deficient as alleged. *See Goldfarb v. Solimine*, 245 A.3d 570, 577 (N.J. 2021) (to prevail on a breach of contract claim in New Jersey, plaintiff must show that "the parties entered into a contract containing certain terms"; "plaintiff[] did what the contract required [him] to do"; "defendants did not do what the contract required them to do"; and "defendants' breach, or failure to do what the contract required, caused a

8

loss to [] plaintiff[]" (citations omitted)). So, the Court will dismiss that claim without prejudice.[2]

## V. CONCLUSION

For the foregoing reasons, the Individual Defendants' Motion to Dismiss will be **GRANTED**. An accompanying Order shall issue.

| | |
|---|---|
| **June 17, 2025** | **s/Renée Marie Bumb** |
| Date | RENÉE MARIE BUMB |
| | Chief United States District Judge |

---

[2] The Court will not afford Plaintiff leave to amend his NJLAD or ADA claims and dismissal of those claims will be with prejudice. Abandonment of Plaintiff's NJLAD claim against the Individual Defendants amounts to a dismissal with prejudice. *Ivan*, 595 F. Supp. 2d at 450 (dismissing affirmatively abandoned NJLAD claim against individual defendants with prejudice); *Abdullah v. Rowan Univ.*, 2024 WL 4751196, at *16 (D.N.J. Nov. 12, 2024) (dismissing abandoned claim with prejudice). And amendment of the ADA claims against the Individual Defendants would be futile because, as the Court has already explained, there is no individual Title I ADA liability. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997) (leave to amend inappropriate where amendment would be futile); *Zaslow*, 103 F. Supp. 3d at 664 (denying leave to amend *sua sponte* dismissed claim because amendment would have been futile).